

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 OCT 26 AM 11:56

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUISIANA ACORN FAIR HOUSING** | **CIVIL ACTION** |
| VERSUS | NO. 00-0019 |
| **MARCEL J. JAFFE, ET AL.** | SECTION "T" (4) |

This cause came for hearing on October 25, 2000, upon Motion of the Defendant, Colony Insurance Company ("Colony"), for Award of Interim Attorneys' Fees and Costs pursuant to 42 U.S.C. § 3613(c) and Rule 54(c) of the Federal Rules of Civil Procedure. Having studied the legal memoranda and exhibits submitted by the parties, the record, and the applicable law, the Court is fully advised on the premises and ready to rule.

### ORDER AND REASONS

**I. Background:**

On January 4, 2000, the Plaintiff filed suit against the Defendant, Jaffe, claiming that he discriminated against housing applicants on the basis of their disabilities in violation of the Federal Fair Housing Act, Title VII of the Civil Rights Act, and the Louisiana Open Housing Act. In April 2000, the Plaintiff amended its complaint to add as a Defendant, Colony Insurance Company ("Colony"), Jaffe's insurer. Soon thereafter, Jaffe filed a cross claim against Colony for indemnification.

DATE OF ENTRY
OCT 2 6 2000

1

On August 11, 2000, Jaffe filed a motion for Summary Judgment against the Plaintiff, which the Court granted on September 7, 2000. The Court's Order of Judgment directed that "there be judgment entered in favor of the Defendants, Marcel J. Jaffe and Colony Insurance, and against the Plaintiff, Louisiana ACORN Fair Housing Organization, dismissing each of the Plaintiff's claims with prejudice." (Doc. 24). In addition, the Court ruled that an award of costs and a reasonable attorney fee in Jaffe's favor was appropriate "in light of the fact that the sole basis for this litigation [was a]...*three minute* telephone conversation." (Doc. 23, page 8). Accordingly, the Court awarded Jaffe up to $1,000 in attorney fees and costs.

## II. Colony's Motion for Attorneys' Fees and Costs

On September 21, 2000, Colony filed a Motion for Award of Interim Attorneys' Fees and Costs pursuant to 42 U.S.C. § 3613(c) and Rule 54(c) of the Federal Rules of Civil Procedure. Colony argues that it is entitled to an award of attorneys' fees and costs as a prevailing party under the Fair Housing Act and the Louisiana Equal Housing Opportunity Act. (Doc. 26, page 2). Colony argues that despite the plain language of the statute, the Court must award attorneys' fees and costs to the prevailing party absent special circumstances.[1] Colony further argues that it stands in exactly the same position as Jaffe with respect to the Plaintiff's claims. Thus, because the Court awarded attorneys' fees and costs to Jaffe, the Court should award the same to Colony.

The Plaintiff timely filed a Memorandum in Opposition to Colony's motion for attorneys' fees and costs. Specifically, the Plaintiff claims that Colony is not entitled to attorneys' fees and costs because Colony is not a prevailing party in the action. In addition, the Plaintiff claims that

---

[1] Section 3613(c)(2) of the Federal Fair Housing Act states that "the court, in its discretion, may allow the prevailing party...a reasonable attorneys' fees and costs." 42 U.S.C. § 3613(c)(2).

an award of attorney's fees to a Defendant in a Civil Rights action is rare and only done in extreme circumstances. Finally, the Plaintiff alleges that such an award may have a "chilling effect" on the filing of future civil rights claims. Accordingly, the Plaintiff requests that the Court deny Colony's motion for attorneys' fees and costs.

### III. Law and Analysis:

#### A. The Law on Awarding Attorneys' Fees and Costs

Section 3613(c)(2) of the Federal Fair Housing Act provides that "the court, *in its discretion*, may allow the prevailing party...a reasonable attorney's fee and costs." 42 U.S.C. § 3613(c)(2)(emphasis added). It is unsettled as to whether the award of attorney's fees to a prevailing party under the Fair Housing Act is mandatory or discretionary. Some courts have held that such an award of attorney's fees to a prevailing party is mandatory. See e.g., New Jersey Coalition of Rooming and Boarding House Owners v. Mayor and Council of Asbury Park, 152 F.3d 217 (3d Cir. 1998). Other courts have held that there is a presumption in favor of awarding attorney's fees to a prevailing party in a Fair Housing Act case. See e.g., Kerr v. Vick, 986 F.2d 1421 (6th Cir. 1993). Still, other courts have held that it is entirely within the court's discretion to award attorney's fees to a prevailing party under the Fair Housing Act. See e.g., LeBlanc-Sternberg v. Fletcher, 143 F.3d 748 (2d Cir. 1998). In light of the plain language of the statute, this Court adopts the view that the award of attorney's fees to a prevailing party under the Fair Housing Act lies solely within the discretion of the court. In addition, the Court finds the same with regard to the availability of attorney's fees and costs to a prevailing party under the Louisiana Equal Housing Opportunity Statute.

The Supreme Court has stated that one is a "prevailing party" when he receives actual

3

relief on the merits of his claim such that the legal relationship between the parties is materially altered. See Farrar v. Hobby, 506 U.S. 103, 111-12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). A prevailing party "'must obtain an enforceable judgment...or comparable relief through a consent decree or settlement.'" B.C. Foreman v. Dallas County, 193 F.3d 314, 320 (5th Cir. 1999) (quoting Farrar, 506 U.S. at 111, 113). Mere equitable relief, such as a temporary restraining order, is not sufficient to achieve "prevailing party" status. See id. at 323. Accordingly, if one qualifies as a "prevailing party" under the Fair Housing Act, then this Court has the discretion to award that party reasonable attorney's fees and costs.

**B. Application to the Facts:**

In the current action, the Court finds that Colony is undoubtedly a "prevailing party." This Court's Order of Judgment issued on September 7, 2000, directs that "there be judgment entered in favor of the Defendants, Marcel J. Jaffe and Colony Insurance...dismissing each of the plaintiff's claims with prejudice." (Doc. 24). That judgment resulted from the Court's determination that the Plaintiff lacked standing to bring the claims against the Defendants, for the Plaintiff did not suffer an injury in fact. (Doc. 23, page 8). The judgment is based on the merits of the dispute and is certainly enforceable. In addition, the judgment clearly alters the legal relationship between the parties, for the judgment dismisses the Plaintiff's claims with prejudice, thereby precluding the Plaintiff from bringing such claims against the Defendants in the future.

Because the Court finds that Colony is a "prevailing party" in the aforementioned action, Colony may be entitled to an award of reasonable attorney's fees and costs pursuant to the Federal Fair Housing Act and the Louisiana Equal Housing Opportunity Statute. However, as stated above, this Court is of the opinion that such an award of costs and fees is solely within the

its discretion. While this Court determined that the Defendant Jaffe was entitled to a small award of attorney's fees and costs, this Court finds that the facts support the conclusion that such an award to Colony is not warranted in this case. This Court notes that although Colony "prevailed" at the summary judgment stage in the Court's Order of Judgment, that motion for summary judgment was filed and argued solely by Jaffe. Colony did not file any documents with this Court on the matter, nor did it present any arguments at the hearing on Jaffe's motion for summary judgment. Contrary to Colony's belief, this Court finds that Colony does not stand in exactly the same position as Jaffe. Therefore, this Court will refrain from exercising its discretion to award attorney's fees and costs to Colony under the Federal Fair Housing Act and the Louisiana Equal Housing Opportunity Statute.

### IV. Conclusion:

For the aforementioned reasons, this Court finds that an award of attorney's fees and costs to Colony under the Federal Fair Housing Act and the Louisiana Equal Housing Opportunity Statute is not warranted in this case. Therefore, this Court will not exercise its discretion under those statutes to provide Colony with such an award.

Accordingly,

**IT IS ORDERED** that Colony Insurance Company's Motion for Award of Interim Attorneys' Fees and Costs (Doc. 26) be, and the same is hereby, **DENIED.**

New Orleans, Louisiana, this 25th day of October, 2000.

G. Thomas Porteous, Jr.
United States District Judge

5